IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**TAMMY L. WHITLOCK**,

    Plaintiff,

    v.

**MICHAEL J. ASTRUE, Commissioner of Social Security,**

    Defendant.

No. 3:10-cv-357-AC

OPINION AND ORDER

**MOSMAN, J.**,

On June 21, 2011, Magistrate Judge Acosta issued his Findings and Recommendation ("F&R") [#19] in the above-captioned case recommending that I affirm the Commissioner's decision. Plaintiff filed objections [#21] and the Commissioner filed a response [#22]. I find one of plaintiff's objections meritorious, affirm the Commissioner's decision in part, and remand for further proceedings.

## STANDARD OF REVIEW

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal

1 – OPINION AND ORDER

conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Ms. Whitlock makes five objections to the F&R. First, she argues her waiver of the right to representation was improper. Second, she argues that the ALJ did not adequately develop the record. Third, she argues that the ALJ did not properly account for lay testimony from Mr. Harold Nickens. Fourth, Ms. Whitlock asserts that the ALJ failed to recognize her mental limitations in the residual functional capacity ("RFC") he reached. Fifth, Ms. Whitlock argues that the ALJ's reliance on the testimony of a Vocational Expert (the "VE") in this case was improper. Upon review, I adopt Parts I through IV of Judge Acosta's findings. However, I reach a different conclusion regarding the VE's testimony.

### I.     Waiver of Representation

Ms. Whitlock argues that the ALJ failed to properly advise her of her right to counsel according to the standard announced in *Thompson v. Sullivan*, 933 F.2d 581 (7th Cir. 1991), and that the ALJ failed to comply with the waiver procedures established in the Commissioner's Hearings, Appeals and Litigation Manual ("HALLEX"). (Pl.'s Obj. (#21) 2-3).

These arguments are misplaced, as Judge Acosta explained. An ALJ's disclosure requirements are governed by the statutory standard of 42 U.S.C. § 406(c), not the Seventh Circuit decision relied on by plaintiff. *Roberts v. Comm'r of the Soc. Sec. Admin*, 644 F.3d 931, 931 (9th Cir. 2011) (holding that "no disclosure is required, other than the disclosure required by § 406(c)"

2 – OPINION AND ORDER

and rejecting the "enhanced disclosure requirements set forth in *Thompson*").  And allegations of non-compliance with HALLEX do not affect the analysis.  *Id*. ("[W]e do not 'review allegations of non-compliance with its provisions.'") (quoting *Parra v. Astrue*, 481 F.3d 742, 749 (9th Cir. 2007)); *Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000).

## II.    Adequacy of the Record

Ms. Whitlock argues the ALJ erred by not seeking additional information from Ms. Rebecca Vose, a certified physicians' assistant who treated Ms. Whitlock.  (Pl.'s Obj. (#21) 4-6). She does not, however, argue that Ms. Vose had information that contradicted the ALJ's conclusions.  Rather, she asserts there is a "possibility that PAC Vose might have had an opinion about Plaintiff's functional limitations."  *Id*. at 5.

An ALJ has a duty to "look[] fully into the issues," 20 C.F.R. § 404.944, and "fully and fairly develop the record."  *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996).  However, it is the claimant's duty to prove she is disabled.  *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001).  "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."  *Id.* at 459-60.

Here, as explained by Judge Acosta, the records from Ms. Vose did not indicate that Ms. Vose believed Ms. Whitlock was disabled, unable to work, or had limitations in excess of those in the RFC assessment that the ALJ reached.  (F&R (#19) 5-7).  Accordingly, there was no ambiguity or inadequacy in the record and the ALJ had no obligation to request additional information from Ms. Vose.  *Mayes*, 276 F.3d at 460 ("The record before the ALJ was neither ambiguous nor inadequate to allow for proper evaluation of the evidence.").  Accordingly, the ALJ did not err.

3 – OPINION AND ORDER

### III. <u>Lay Witness Testimony</u>

Ms. Whitlock argues that the ALJ improperly discounted a written "Function Report" submitted by her father, Mr. Harold Nickens.  (Pl.'s Obj. (#21) 7); AR 158-65.  As she points out, the ALJ's decision did not expressly address Mr. Nickens's submission.

"[L]ay witness testimony as to a claimant's symptoms or how an impairment affects ability to work *is* competent evidence."  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citations omitted).  "Consequently, if the ALJ wishes to discount the testimony of lay witnesses, he must give reasons that are germane to each witness."  *Stout v. Comm'r of the Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006) (quotations and alterations omitted); *see also Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (explaining that if an ALJ "determines to disregard" lay testimony the ALJ must "give[] reasons germane to each witness for doing so").  Where an ALJ fails to do so, the error is harmless if the court can "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination."  *Stout*, 454 F.3d at 1056.

The ALJ here did not "discount" or "disregard" the submission from Mr. Nickens.  The submission did not identify any particular work-related activities Ms. Whitlock could not do.  In one section of the submission, Mr. Nickens checked 19 boxes, which each identified general abilities and asked whether those abilities were affected by the claimant's impairments.  AR 163.  These boxes, however, do not identify any work-related activities that Ms. Whitlock cannot do and therefore the ALJ did not discount this part of Mr. Nickens's submission in defining Ms. Whitlock's RFC.  In another part of his submission, Mr. Nickens wrote that Ms. Whitlock cannot pay attention for a long amount of time and does not follow written instructions.  *Id*.  Even assuming this information identified activities Ms. Whitlock could not do, it was not discounted

because the ALJ's RFC limited Ms. Whitlock to no more than "simple one to two step commands." AR 14. The ALJ was not required to explain why he discounted evidence that he did not discount, and did not err by failing to do so.

Moreover, even if the ALJ erred, the error is harmless. Mr. Nickens's submission was vague and provided little if any meaningful information that the ALJ could have used. For example, Ms. Whitlock asserts that the ALJ (and the F&R) ignored the fact that Mr. Nickens submitted "details about Plaintiff's problems with using her hands." (Pl.'s Obj. (#21) 7). Mr. Nickens's only statement indicating Ms. Whitlock had difficulties with her hands, however, consisted of a check mark in a box, indicating Ms. Whitlock's conditions affect her ability to use her hands. AR 163. Mr. Nickens did not provide any further explanation, such as the way in which Ms. Whitlock's use of her hands is impaired, the degree of impairment, or the cause of impairment. *Id*. I conclude that even if the ALJ erred by discounting Mr. Nickens's submission without explanation, that error is harmless because I can "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1056.

## IV.    The RFC's Mental Limitations

The ALJ's RFC provided that "[m]entally, the claimant demonstrates the ability to remember and carry out simple one to two step commands." AR 14. Ms. Whitlock contends that this limit is inadequate because she is unable to sustain even the simplest tasks throughout an entire workday. (Pl.'s Obj. (#21) 8).

The ALJ's finding regarding Ms. Whitlock's mental capabilities was based on the report of Dr. Dorothy Anderson, who concluded that, although Ms. Whitlock struggles to maintain concentration for extended periods of time, she can sustain concentration for an eight-hour

5 – OPINION AND ORDER

workday as long as she receives occasional breaks. AR at 270. Thus, Dr. Anderson's opinion supports the ALJ's finding that Ms. Whitlock could in fact continue doing very simple tasks for an entire workday. There is no apparent conflict with the ALJ's finding that Ms. Whitlock only has "moderate difficulties" regarding concentration, persistence, and pace. *See* AR 13. The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible interpretations. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ did not err in assessing Ms. Whitlock's mental capabilities.

## V. Vocational Expert Testimony

Ms. Whitlock argues that the hypothetical question the ALJ posed to the VE failed to include all of Ms. Whitlock's limitations. (Pl.'s Obj. (#21) 9). I find this objection meritless for the reasons Judge Acosta rejected the same argument. (F&R (#19) 12). However, Ms. Whitlock also argues that a conflict between the VE's testimony and the Dictionary of Occupational Titles (the "DOT")[1] warrants remand in this case. (Pl.'s Obj. (#21) 9). This objection warrants further discussion.[2]

Where a VE testifies that there are jobs an individual with the claimant's abilities could perform, the ALJ must "inquir[e] whether the testimony conflicts with the [DOT]." *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). An ALJ's failure to inquire is harmless error "if the vocational expert . . . provided sufficient support for her conclusion so as to justify any potential conflicts." *Id*. at 1154 n.19. It is also harmless error if there was in fact no conflict between the DOT and the VE testimony. *Id*. Here, the VE was never asked whether his testimony conflicted with the DOT. AR 34-38. Nor did the VE provide any support for his conclusions that could

---

[1] The DOT is a Department of Labor publication that identifies duties for jobs and the abilities necessary to perform those duties. *See* Dictionary of Occupational Titles (4th ed. 1991), available at http://www.oalj.dol.gov/libdot.htm.

[2] For some reason the Commissioner simply did not respond to this objection. (Def.'s Resp. to Pl.'s Obj. (#22)).

justify a conflict with the DOT.  *Id*.  Thus, the determinative issue is whether there is indeed a conflict.

I agree with Ms. Whitlock that the VE's testimony conflicts with the DOT.  Ms. Whitlock's RFC limited her to "simple one to two step commands."  AR 14.  The ALJ asked the VE to identify jobs that Ms. Whitlock could perform despite that limitation.  AR 18.  The VE identified three such jobs: bench assembler, hand packager, and laundry folder.  *Id*.  Based on the availability of those three jobs, the ALJ concluded Ms. Whitlock could perform work that exists in significant numbers in the national economy and is therefore "not disabled."  *Id*.

The DOT, on the other hand, indicates that the three jobs identified by the VE require the ability to do more than follow "simple one to two step commands."  Specifically, each job description in the DOT includes a "definitional trailer," which uses a numerical system to identify the abilities a person needs in order to perform the given job.  *See* Dictionary of Occupational Titles App'x C (4th ed. 1991).  The definitional trailer for each job includes a "reasoning development level," which uses a one through six scoring system to identify how much reasoning ability is required for a particular job.  *See id*.  Most importantly, reasoning development levels one and two are defined as follows:

> Reasoning level two: "Apply commonsense understanding to carry out *detailed but uninvolved written or oral instructions*. Deal with problems involving a few concrete variables in or from standardized situations."

> Reasoning level one: "Apply commonsense understanding to carry out *simple one- or two-step instructions*. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job."

*Id*. (emphasis added).

It is not disputed that all three jobs the VE identified for Ms. Whitlock require level two reasoning, according to the DOT.  (F&R (#19) 10).  According to the DOT, therefore, they all

7 – OPINION AND ORDER

require something more than following "simple one or two-step instructions."  They also all therefore require something more than, "simple one to two step commands," which was Ms. Whitlock's RFC and mirrors the definition for level one reasoning.   Thus, according to the DOT, someone with Ms. Whitlock's RFC could not perform the work that the VE identified.

The law on this specific point is far from clear and the Ninth Circuit has not addressed it.  As I concluded in *Pitts v. Comm'r Soc. Sec.*, No. 3:10-cv-785 (D. Or. Aug. 23, 2011), many courts have held that limits to "simple" and "routine" "tasks" are not inconsistent with VE testimony that a claimant can perform jobs that are DOT reasoning level two.   *See, e.g., Hackett v. Barnhart*, 395 F.3d 1168, 1171 (10th Cir. 2005) (holding that a claimant limited to "simple and routine work tasks" could perform jobs of DOT reasoning level two); *Money v. Barnhart*, 91 F. App'x 210, 215 (3d Cir. 2004) (holding that ALJ's RFC of "simple, routine and repetitive" work was consistent with jobs requiring DOT reasoning levels of two); *Koch v. Astrue*, No. 08-cv-609, 2009 WL 1743680, at *17 (D. Or. June 15, 2009) (finding limitation to "simple, routine tasks" was consistent with work identified by DOT as requiring reasoning level of 2); *Meissl v. Barnhart*, 403 F. Supp. 2d 981, 984 (C.D. Cal. 2005) (concluding that limit to "simple tasks performed at a routine pace" was consistent with a reasoning level of two).   Judge Acosta relied on this line of cases to recommend finding that no conflict exists in Ms. Whitlock's case.   (F&R (#19) 11).

However, whether or not a limitation to "simple" and "routine" "tasks" aligns with reasoning level two, a limit to "simple one to two step commands" is not consistent with reasoning level two because it is a nearly verbatim recital of the DOT definition for reasoning level one.  And while plaintiff did not identify it (either to Judge Acosta or in her objections), there is authority for this distinction.   *See Newman v. Astrue*, No. 10-cv-01013, 2011 WL 1464911, at *3 (C.D. Cal. Apr. 15, 2011) ("Plaintiff's limitation to simple one and two part instructions is

8 – OPINION AND ORDER

consistent with a reasoning level of 'one.'"); *Coleman v. Astrue*, No. 10-cv-5641, 2011 WL 781930, at *5-6 (C.D. Cal. Feb. 28, 2011) (holding that an express limitation to "one-to-two step jobs" was inconsistent with a reasoning level of two); *Grigsby v. Astrue*, No. 08-cv-1413, 2010 WL 309013, at *2 (C.D. Cal. Jan. 22, 2010) ("The restriction to jobs involving no more than two-step instructions is what distinguishes Level 1 reasoning from Level 2 reasoning."). *But see, Villafana v. Astrue*, No. 08-cv-1954, 2010 WL 1286818, at *10 (E.D. Cal. Mar. 29, 2010) (holding that a limit to "one and two step job instructions" was consistent with DOT reasoning level of two). This inconsistency requires explanation.

In sum, the VE's testimony—that someone with Ms. Whitlock's RFC can work three specific jobs—conflicts with the DOT, which indicates that someone with the same RFC would lack the mental capabilities to perform those jobs. Because that conflict remains unexplained, remand is necessary. Thus I adopt Parts I through IV of Judge Acosta's findings, but do not adopt Part V.

## CONCLUSION

Upon review, I ADOPT IN PART Judge Acosta's F&R [#19] as my own, as explained above. The Commissioner's decision is AFFIRMED IN PART AND REMANDED IN PART to determine whether the occupations discussed by the VE are consistent with Ms. Whitlock's RFC.

IT IS SO ORDERED.

DATED this __23rd__ day of August, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court